**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 4:18 pm, Jul 02, 2020*

| | | |
|---|---|---|
| MARCUS XAVIER DUMAS, | | |
| Plaintiff, | | CIVIL ACTION NO.: 5:19-cv-23 |
| v. | | |
| WARDEN JEFF COLEMAN, et al., | | |
| Defendants. | | |

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1.    Plaintiff's official capacity claims for monetary damages against all Defendants; and

2.    Plaintiff's claims against Defendants Anderson and Subastian.

However, I **FIND** that Plaintiff's Eighth Amendment deliberate indifference to safety and to serious medical needs claims may proceed.  The Court will direct service of the following claims by separate Order:

1.    Plaintiff's deliberate indifference to safety claim against Defendants Mackey, Crosby, Hutton, Coleman, and Wicker; and

2.    Plaintiff's deliberate indifference to serious medical needs claim against Dr. Ferrell.[1]

---

[1]    In his statement of claim, Plaintiff does not connect Defendant Dr. Ferrell to his claim for deliberate indifference to serious medical needs—Plaintiff merely claims he was given instructions for pain medication, that his pain medication was given to transport officers, and that he has yet to be given any of that pain medication.  Doc. 1 at 4.  However, as Dr. Ferrell is the one named Defendant who would

## PLAINTIFF'S CLAIMS[2]

After Plaintiff's bed broke in August 2018, he informed Officer Mackey and requested maintenance.  Doc. 1 at 4.  Two weeks later, Lieutenant Crosby and Sergeant Hutton noticed a paint bucket was holding up Plaintiff's bed; he informed them the bed had broken, and the two officers traded the paint bucket with an empty bucket.  Id.  Warden Coleman and Warden Wicker inspected Plaintiff's bed, took a picture of it, and informed Plantiff they would have the bed fixed.  Id.  Thereafter, Plaintiff's cellmate—who slept on the upper bunk—climbed into his bed one night and caused the bunk bed to collapse on top of Plaintiff, who was lying on his bottom bunk.  Id.  Plaintiff was taken to the hospital with lower neck and upper back injuries.  Id.  Plaintiff was later returned to sleep on the same broken bed.  Id.  He asserts he was supposed to receive pain medication, but he has never received it.  Id.  As relief, Plaintiff requests $3 million dollars.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may

---

be responsible for administering Plaintiff's pain medication, and given the liberal construction the Court entitles pro se pleadings, I interpret Plaintiff's Complaint as referring to Dr. Ferrell concerning his withheld pain medication.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (pro se pleadings are entitled to liberal construction).

[2]      All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1 at 4–5.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I.      Official Capacity Claims

Plaintiff ostensibly sues all Defendants in both their individual and official capacities. Doc. 1 at 1.  However, he cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under § 1983.  Id. at 71.  Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees and officers of the Georgia Department of

Corrections.  Accordingly, the Eleventh Amendment immunizes these actors from suit for monetary damages in their official capacities.  See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary damages against Defendants in their official capacities.  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Therefore, the Court should **DISMISS** Plaintiff's claims for monetary relief against Defendants in their official capacities.

## II.    Claims Against Defendants Anderson and Subastian

A pro se prisoner's § 1983 complaint must contain enough facts to state a claim that is "plausible on its face."  Twombly, 550 U.S. at 570.  While pro se plaintiffs are "not required to adhere to technical niceties" in drafting their complaints, they are still "required to 'state with some minimal particularity how overt acts of the defendant caused a legal wrong.'"  Kershaw v. White, No. 5:18-cv-166, 2018 WL 3463275, at *4 (M.D. Ga. July 18, 2018) (quoting Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008)); Harwood v. Wynn, No. 5:10-cv-411, 2010 WL 5128714, at *2 (M.D. Ga. Nov. 9, 2010) ("[A] district court properly dismisses a defendant when a prisoner . . . fails to state any allegations that connect the defendant with any alleged constitutional violation."); see also Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").  Plaintiff does not allege any facts related to Defendants Anderson and Subastian.  Plaintiff simply includes Defendant Anderson and Subastian's names and positions in the "Parties to this Lawsuit" section of his Complaint. Doc. 1 at 3.  Accordingly, I **RECOMMEND** the Court **DISMISS** all claims against Defendants Anderson and Subastian.

4

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's official capacity monetary damages claims against all Defendants, along with any remaining claims against Defendants Anderson and Subastian.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 2nd day of July, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA